MISSOURI PAC. RY. CO. *v.* TEXAS & P. RY. CO. (CARTER, Intervenor.)

*(Circuit Court, E. D. Louisiana.* February 25, 1888.)

CARRIERS—OF PASSENGERS—CONTRIBUTORY NEGLIGENCE.

> Where in an action for damages by one alleging that he had been jolted off a railroad train on which he was a passenger so as to strike a moving freight train and be thrown with his feet under the wheels of the freight train and thus received the injuries complained of, the evidence shows that claimant was injured in attempting without right to mount the freight train while in motion, he is not entitled to recover.

On Exceptions to Master's Report.

The intervenor sought to recover damages for injuries received by being run over by a freight train operated by the receivers of the defendant railroad. The master reported adversely on the claim and intervenor excepted.

*E. D. Craig* and *B. K. Miller,* for intervenor.

*Howe & Prentiss,* for receivers.

PARDEE, J. The finding of the master is adverse to the intervenor in several aspects of his case, and is very elaborate, and seems, as to facts, to be supported by the evidence, and, as to law, to be in accord with many adjudged cases. I have given the evidence careful examination and consideration, and my conclusion on one of the findings of fact of the master renders it unnecessary to review any of the authorities cited by the master or by the learned counsel in argument. The master finds that the intervenor was not injured in being jerked off the passenger train on which he was a passenger, but was injured in attempting, without right, to mount the freight train while in motion, and, of course, if this be true, intervenor was injured by his own negligence. That the intervenor was injured by the freight train is undisputed. At the time, between the passenger train and the freight train, there was an open interval of at least seven feet, and between the tracks on which the respective trains stood, the distance was eleven feet. That the intervenor was jerked or jolted off from the steps of the passenger car so as to strike the freight train with his hands, and be thrown backwards, with his feet on the main track under the wheels of the freight train, is sworn to by the intervenor only. No one saw it. It is controverted by the distance apart of the trains and the tracks rendering it extremely improbable, if not impossible; by his statements made to the section hands immediately after the injury to the effect that he was injured in attempting to climb on the freight train; and by the evidence tending to show that the intervenor went to Winchester to get work with a contractor; that he learned before leaving the passenger train that the contractor was not at Winchester, but further east; that he then expressed the determination to return to Donaldsonville, and that for the latter purpose, the moving freight train offered the convenient transportation. That the intervenor was injured while attempting to climb on the moving freight train is in harmony with all the evidence in the case, excepting only the intervenor's own testimony, and this excepted testimony is so opposed by the circumstances and surroundings of the case, and by the testimony of other witnesses that it cannot be taken as true.

The exceptions to the master's report will be overruled, and the said report confirmed.